UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-14-0223 |
| Petitioner | : | (Judge Nealon) |
| v. | : | FILED SCRANTON |
| WARDEN THOMAS, | : | MAR 0 3 2014 |
| Respondent | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

### Background

On February 10, 2014, Petitioner, Raymond Edward Chestnut, an inmate currently confined at the United States Penitentiary Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Chestnut alleges that the Discipline Hearing Officer failed to consider all the evidence for Incident Report No. 2353199, issued on November 19, 2012, and violated his due process rights. (Id.). He was sanctioned to disciplinary segregation for twenty-one (21) days, disallowance of twenty-seven (27) days of good conduct time, and loss of email for three (3) months. (Id.). Chestnut requests expungement of the incident report from his records and the restoration of good conduct time, and/or a new hearing. (Id.).

On or about February 24, 2014, the Discipline Hearing Officer at USP-

Lewisburg decided to provide Chestnut with a rehearing on Incident Report No. 2353199 to correct any procedural deficiencies. See (Doc. 6, Ex. 1).

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as moot.

**Discussion**

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. Art. III, § 2. This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of "actual, ongoing cases or controversies." Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 193 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Chestnut's petition for writ of habeas corpus has been rendered moot by the Disciplinary Hearing Officer's decision to provide a rehearing. See Hunter v. Bledsoe, 2011 U.S. Dist. LEXIS 117558, *10-11 (M.D. Pa. 2011) (Caldwell, J.) (concluding that the habeas petition challenging the petitioner's denial of parole was rendered moot because he was granted a rehearing); Garcia v.

Zickefoose, 2011 U.S. Dist. LEXIS 142954, *13-14 (D.N.J. 2011) (finding that the because the prison provided a remanded hearing based on the petitioner's due process arguments on administrative appeal regarding inadequate notice that punishment for the charged misconduct had been increased from a moderate level violation to a greater severity level violation, his habeas claim on this ground was rendered moot).

As there is no longer a live case or controversy, and Petitioner has received the relief he requested, namely a rehearing on Incident Report No. 2353199, the petition for writ of habeas corpus will be dismissed as moot.

A separate Order will be issued.

Date: March 4, 2014

_____
**United States District Judge**